NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHANNA OFFUTT EVANGER,

Plaintiff-Appellant,

v.

GEORGIA-PACIFIC GYPSUM LLC,

Defendant-Appellee.

No.    21-35624

D.C. No. 3:17-cv-05521-BJR

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Submitted May 17, 2022**
Seattle, Washington

Before: WARDLAW, GOULD, and BENNETT, Circuit Judges.

Plaintiff Shanna Offutt Evanger ("Offutt") appeals a judgment for defendant

Georgia-Pacific Gypsum LLC ("Georgia-Pacific") on her employment

discrimination claims. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Offutt first claims that Judge Rothstein did not have the discretion to alter

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

certain jury instructions given by Judge Leighton in the first jury trial ("Trial I"). Judge Rothstein determined that the original instructions were based on a repealed Washington State regulation and changed them in the second jury trial ("Trial II"). "[T]he power of each judge of a multi-judge court is equal and coextensive; it permits one to overrule the order of another under proper circumstances, and where one judge has done so the question becomes one of the proper exercise of judicial discretion." *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 380 (9th Cir. 1960). Courts have "some discretion not to apply the doctrine of law of the case" if "the [prior] decision is clearly erroneous and its enforcement would work a manifest injustice." *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1027 (9th Cir. 2001) (citation omitted). Original jury instruction 12 required Offutt to show that her "termination was not a business necessity required by Defendant's code of conduct" to "establish her marital status discrimination claim," and original instruction 13 defined "business necessity."

But the "business necessity" exception to marital status discrimination comes from a regulation that was repealed in 1999. *See Wash. Water Power Co. v. Wash. State Hum. Rts. Comm'n*, 586 P.2d 1149, 1151 (Wash. 1978) (quoting Wash. Admin. Code § 162-16-150(2) (1975) ("[B]usiness necessity may justify action on the basis of what the spouse does.")); Wash. Admin. Code T. 162, Ch. 162-16., Disp. Table (showing that Wash. Admin. Code § 162-16-150 (1975) was repealed effective on

2

August 12, 1999). The current provision, Wash. Admin. Code § 162-16-250(2), no longer uses the term "business necessity."

Offutt argues that the term "business necessity" survived the repeal of Wash. Admin. Code § 162-16-150(2) (1975) because the Washington Supreme Court, in *Kastanis v. Educational Employees Credit Union*, 859 P.2d 26 (Wash. 1993), *amended*, 865 P.2d 507 (Wash. 1994), "describes BFOQ [bona fide occupational qualification] as a 'business necessity.'" But *Kastanis* expressly relied on the repealed regulation to define that term. *See Kastanis*, 859 P.2d at 31 ("While bona fide occupational qualification is not defined by the statute, WAC 162-16-150 provides some guidance to its meaning in the area of marital status discrimination."). Thus, Judge Rothstein did not abuse her discretion in finding that original instructions 12 and 13 were erroneous.

Offutt also claims that certain replacement jury instructions that Judge Rothstein gave in Trial II were clearly erroneous. Revised instruction 11, which replaced original instruction 12, required Offutt to show that "the reason for the adverse action against Plaintiff was not a legitimate nondiscriminatory business reason." Washington state courts, both before and after the 1999 repeal of Wash. Admin. Code § 162-16-150, have used terms that are materially identical to "legitimate nondiscriminatory business reason" in the context of employment discrimination claims brought under the statute invoked by Offutt. *Marquis v. City*

*of Spokane*, 922 P.2d 43, 47 (Wash. 1996) ("[T]he City countered with evidence . . . [of] legitimate nondiscriminatory reasons . . . ."); *Hegwine v. Longview Fibre Co.*, 132 P.3d 789, 798 (Wash. Ct. App. 2006) (no "valid nondiscriminatory reason for not hiring or retaining [appellant]"), *aff'd*, 172 P.3d 688 (Wash. 2007). Offutt also proposed a version of revised instruction 11 that included the term "legitimate nondiscriminatory business reason," which Judge Rothstein adopted with only minor changes in wording. And Offutt's counsel told Judge Rothstein that she "[did] not object to [Judge Rothstein] using" Offutt's counsel's version of revised instruction 11. "Waiver of a jury instruction occurs when a party . . . proposed or accepted a flawed instruction." *United States v. Kaplan*, 836 F.3d 1199, 1217 (9th Cir. 2016) (citation and internal quotations omitted). As for revised instruction 13, it is materially identical to the relevant provisions—Wash. Admin. Code §§ 162-16-250 (2)(b)(i), (ii), and (iii).

Finally, Offutt claims that Judge Rothstein erroneously gave a curative instruction. In her opening statement, Offutt's counsel misrepresented the circumstances surrounding Offutt's dismissal. Even though Georgia-Pacific pointed out this misrepresentation to Judge Rothstein after the opening statement was given, Offutt's counsel repeated the misrepresentation in her closing argument. "[I]t is improper in closing argument to make reference, over objection, to matters not in evidence." *Janich Bros., Inc. v. Am. Distilling Co.*, 570 F.2d 848, 860 (9th Cir.

4

1978), *as amended* (9th Cir. 1979). Georgia-Pacific timely objected before the jury began deliberating. *Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*, 785 F.2d 656, 658 (9th Cir. 1986) (requiring allegations of misconduct by opposing counsel to be raised before the jury starts deliberating).

Offutt's counsel proposed the curative instruction, which was accurate and mild. And even were it prejudicial, Offutt's objection to the instruction is barred because her counsel proposed it. Offutt's counsel also "apologize[d] to the Court and to counsel for any misstatement [she] made in [her] closing." While Offutt claims that the instruction was "an inappropriate comment on the evidence" by Judge Rothstein, Offutt's counsel told Judge Rothstein that Offutt's counsel proposed the curative instruction because Offutt's counsel "wanted to avoid any claim that the Court would thereby be commenting on the evidence."

**AFFIRMED**.